UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ALAN CLARKE,                                            :

                    Plaintiff,    :     **MEMORANDUM and ORDER**
        -against-
                                    :     10 Civ. 420 (SHS) (KNF)
CITY OF NEW YORK, ET AL.,
                                    :
                    Defendants.
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

The plaintiff, Alan Clarke ("Clarke"), proceeding pro se and in forma pauperis, commenced this action on January 19, 2010, pursuant to 42 U.S.C. §1983, alleging Correction Captains Hall ("Hall") and Allenson ("Allenson"), Correction Officer Fredricks ("Fredricks"), and two unidentified correction officers, physically assaulted him, while he was incarcerated at the Rikers Island jail facility. Before the Court is Clarke's application that the Court appoint counsel to assist him in prosecuting this action.

## BACKGROUND

In his complaint, Clarke alleges that, on December 1, 2008, Allenson, Fredricks, and two unidentified correction officers threw him "inside [d]orm one upper," as Hall held open the door to "the housing unit[.]" Clarke alleges further that, while he lay on the floor of the housing unit, Allenson kicked his head, causing his face "to bounce off the floor[.]" Clarke maintains the remaining defendants then "further assaulted" him. As a result of the alleged assault, Clarke contends he sustained a swollen right elbow and right knee, pain "all over" his body and "a

1

headache for a long period of time." Clarke received X-rays, physical therapy and pain medication to treat his injuries.

Clarke contends he requires assistance in prosecuting this action, because he does not "know anything about litigation" and his "ability to gather the facts . . . will be significantly impeded if unassisted by counsel." Clarke has submitted, to the Court, a letter from a law firm, declining Clarke's request that it represent him in the instant action.

## DISCUSSION

Unlike criminal defendants, civil litigants have no constitutional right to counsel. See United States v. Coven, 662 F.2d 162, 176 (2d Cir. 1981), cert. denied, 456 U.S. 916, 102 S. Ct. 1771 (1982). However, 28 U.S.C. §1915(e)(1) authorizes a district court to "request an attorney to represent any person unable to afford counsel." "[I]t is clear that the statute only allows appointment [of counsel] where a litigant is indigent." Sears, Roebuck and Co. v. Charles W. Sears Real Estate, 865 F.2d 22, 23 (2d Cir. 1988) (affirming district court decision to refuse to appoint counsel for plaintiff denied in forma pauperis status). Moreover, an indigent must "be unable to obtain counsel before appointment will even be considered" under 28 U.S.C. § 1915. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 986, 112 S. Ct. 596 (1991). The district court "must [] ascertain whether the litigant is able to afford or otherwise obtain counsel" before assessing the merits of an application for appointment of counsel. Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994).

In the instant case, the court has granted Clarke in forma pauperis status. Therefore, he is within the class of persons contemplated by 28 U.S.C. §1915(e)(1). See Sears, 865 F.2d at 24. Moreover, Clarke has, by affidavit, represented to the Court that he has, independently, made

some effort, albeit limited, to engage counsel prior to making the instant application, but to no avail. Under these circumstances, it is appropriate to consider Clarke's application.

"In deciding whether to appoint counsel, [a] district [court] should first determine whether the indigent's position seems likely to be of substance." Hodge, 802 F.2d at 61. This means that it appears to the court "from the face of the pleading[s]," see Stewart v. McMickens, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), that the claim(s) asserted by the plaintiff may have some merit, or that the plaintiff "appears to have some chance of success. . . ." Hodge, 802 F.2d at 60-61. Only if a plaintiff satisfies the threshold "test of likely merit" should a court consider "secondary criteria." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172-73 (2d Cir. 1989); see Hodge, 802 F.2d at 61-62. The pleadings drafted by a pro se litigant, such as Clarke, are to be construed liberally and interpreted to "raise the strongest arguments that they suggest." See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Construing the plaintiff's claims liberally, the Court understands Clarke to be asserting a claim of excessive force, in violation of the Eighth and Fourteenth Amendments' prohibition of cruel and unusual punishment. See Wright v. Goord, 554 F.3d 255, 268 (2d Cir. 2009) ("In the context of a claim by a prisoner that he was subjected to excessive force by prison employees, the source of the ban against such force is the Eighth Amendment's ban on cruel and unusual punishments."). A district court considering a prisoner's Eighth Amendment claim of excessive force must inquire whether: (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation"; and (2) "'the officials act[ed] with a sufficiently culpable state of mind[.]'" Hudson v. McMillian, 503 U.S. 1, 8, 112 S. Ct. 995, 999 (1992) (citation omitted). The former prong is deemed the objective component, "focusing on the conduct's

3

effect," while the latter prong is subjective, "focusing on the defendant's motive for his conduct." Wright, 554 F.3d at 268.

The objective component of a claim for violation of the Eighth Amendment is "contextual and responsive to 'contemporary standards of decency.'" Hudson, 503 U.S. at 8, 112 S. Ct. at 1000 (citation omitted). An inmate need not suffer "serious injury" to maintain an excessive force claim. Id., 503 U.S. at 4, 112 S. Ct. at 997. However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id., 503 U.S. at 9, 112 S. Ct. at 1000. The Eighth Amendment "excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id., 503 U.S. at 9-10, 112 S. Ct. at 1000 (holding that the blows directed at plaintiff, which caused "bruises, swelling, loosened teeth, and a cracked dental plate" were not de minimis for Eighth Amendment purposes); see Rivera v. Goord, 119 F. Supp. 2d 327, 342 (S.D.N.Y. 2000) (finding plaintiff's allegations that defendants "pinned him against a wall, face-first, twisted his arms behind his back, and banged his face against the wall" sufficient to state a claim for excessive force).

Looking solely to the face of the pleadings, it appears that the plaintiff's allegations, as to the objective component of his Eighth Amendment claim, may likely be of merit. The defendants' alleged conduct – throwing Clarke into a housing unit and kicking his head – appears to be more than a "de minimis use[] of physical force," see Hudson, 503 U.S. at 10, 112 S. Ct. at 1000, particularly in light of the injuries Clarke allegedly suffered and the treatment administered, thereafter, to him.

The subjective element of a claim for violation of the Eighth Amendment requires a court

to consider whether a defendant "acted wantonly." Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993). "When prison officials are accused of using excessive force, the 'wantonness' issue turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Wright, 554 F.3d at 268 (citing Hudson, 503 U.S. at 7, 112 S. Ct. at 999). To determine whether a defendant acted maliciously, it is appropriate to consider: (1) "the extent of the plaintiff's injuries"; (2) "the need for the application of force"; (3) "the correlation between that need and the amount of force used"; (4) "the threat reasonably perceived by the defendants"; and (5) "any efforts made by the defendants to temper the severity of a forceful response." Romano, 998 F.2d at 105.

 Clarke's complaint lacks allegations pertaining to the defendants' motive. To state a plausible claim, see Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009), for excessive force, under the Eighth Amendment, a complainant must allege that an improper motive led to the use of excessive force by correctional officers. Clarke's complaint provides no details from which the Court may discern whether, inter alia, the defendants needed to use physical force or attempted to use a less forceful response. See, e.g., Davidson v. Flynn, 32 F.3d 27, 30 (2d Cir. 1994) (finding plaintiff alleged sufficiently the subjective element with allegations that "excessive force was applied to the plaintiff . . . in retaliation for being a litigious inmate"). The Court declines to infer malicious intent on the part of the defendants based on the sparse allegations before it. Accordingly, without more detailed allegations, the Court cannot conclude that the plaintiff's claim is likely to be meritorious. See Cooper, 877 F.2d at 172 (holding the court should not grant applications for appointment of counsel "indiscriminately").

## CONCLUSION

For the reasons stated above, the plaintiff's request, that the Court appoint counsel to represent him, Docket Entry No. 3, is denied.

Dated: New York, New York
       May 13, 2010

SO ORDERED:

/Kevin Nathaniel Fox/
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Alan Clarke
Ryan G. Shaffer, Esq.